159 N.J. Super. 26 (1978)
386 A.2d 1339
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER JOHNSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1978.
Decided April 18, 1978.
*27 Before Judges LYNCH, KOLE and PETRELLA.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Ellen Shiever, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mr. Leonard D. Ronco, Acting Essex County Prosecutor, of counsel; Ms. Carole Fitzgibbon Greco, Special Deputy Attorney General, on the brief).
PER CURIAM.
Defendant appeals from his convictions after a jury trial of entering with intent to steal and larceny *28 of property having a value of more than $200 but less than $500. The defendant was sentenced to an indeterminate term at Yardville Youth Reception and Correction Center on the conviction for entering with intent to steal, and to 18 months at the Essex County Correction Center on the conviction for larceny. Sentence was suspended on the latter count and defendant placed on probation for two years, commencing at the completion of the Yardville sentence.
The ground of appeal asserted is "the trial court's expressions of disbelief as to defendant's testimony constituted prejudicial error." It is claimed that this took place by facial expressions of the trial judge, and his highlighting of alleged inconsistencies in defendant's testimony implying that his testimony was not believable.
There is no indication in the record as to what kind of alleged facial expressions were made. The trial judge, at a sidebar objection during trial, indicated that he was unaware of any and that if made, they were inadvertent. He also offered an immediate curative instruction, which was declined by defense counsel. However the trial judge in his charge at the end of the case apprised the jury that they were not bound by any comments or expressions on the evidence, or remarks or opinions by the court. The jury was told that matters of credibility of the witnesses were solely their province. Under the circumstances, we find no reversible error. See State v. O'Connor, 42 N.J. 502, 510 (1964). The instructions were clearly given and we should not assume that the jury disregarded those instructions. State v. Curcio, 23 N.J. 521, 528 (1957).
Nor was it error for the trial judge to review the facts and highlight inconsistencies, and instruct the jury to use its common sense in determining the truth. Unless there is an abuse of discretion, a trial judge may comment upon the testimony as long as the ultimate decision on disputed facts is left to the jury. State v. Corrado, 113 *29 N.J.L. 53, 59-60 (E. & A. 1934). There was no error or abuse of discretion. R. 2:11-3(e)(2).
Affirmed.